UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICKY RAMOS**
  **Plaintiff,**

vs.                CASE No. 8:16cv2108T33map

**Charlotte Russe, Inc.**
  **Defendant,**
_____/

## TCPA COMPLAINT FOR MONEY DAMAGES
## JURY DEMAND ENDORSE HEREON

  **COMES NOW** Plaintiff, Ricky Ramos (RAMOS) and brings this action requesting monetary damages against Charlotte Russe, Inc. (CRI) for the various willingly or knowing violations the Telephone Consumer Protection Act (TCPA) 47 USC § 227.

  RAMOS, the customary and authorized user of the reassigned cellular number (352-777-0855), the number was assigned to him by T-Mobile, as part of a family line which his mother, Brunilda Galicia, was and still is the current subscriber.

Page 1 of 9



CRI started to send unauthorized marketing text messages to RAMOS' reassigned wireless number starting in September 2015 and ending in May 2016. These *en masse*, generic in nature, advertisement sales of woman clothing text messages where sent using an automatic telephone dialing system using a short code (78953) used for high volume texting.

The unlawful marketing text messages were all sent without plaintiff's prior express *written* consent.

The frequency of the unlawful marketing messages was about one text per week *(about 28 text messages in total).*

An example of just three (3) texts messages of the about twenty-eight (28) texts alleged were sent one week apart from each other, *see dates on picture below.*

In order to address the concerns regarding the difficulties learning of reassigned numbers after they occur, the FCC created a "safe harbor" to provide callers an opportunity to discover the reassignment.

Callers are liable for robocalls to reassigned wireless numbers when the current subscriber to or customary user of the number has not consented, subject to a limited, one-call exception for cases in which the caller does not have actual or constructive knowledge of the reassignment.

There is a recent case out of the Middle District of Florida with similar facts: *James v. JPMorgan Chase Bank, NA* (U.S. District Court, Middle District of Florida, Case No. 8:15-cv-02424), that may guide this court.

## THE PARTIES

1. The plaintiff, RAMOS, is a natural person, resident of Hernando County, Florida.

2. Charlotte Russe, Inc. is a corporation headquartered in 5910 Pacific Center Blvd Suite 120 San Diego, CA 92121.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the parties under 28 USC § 1331 and 47 USC § 227 et seq. Venue is this district is proper because RAMOS is a resident of Hernando County, Florida and where all the unlawful telemarketing text messages were received.

4. This court has Article III jurisdiction where RAMOS alleges that he had to interrupt his college studies in numerous occasions and start all over again because RAMOS loss of concentration due to the numerous interruptions caused by the unlawful text messages.

5. RAMOS had to distract himself and look at these unlawful text messages in numerous occasions while he was driving exposing himself and others to an accident.

6. These text messages significantly reduced plaintiff's cell phone storage capacity and battery life.

7. The use of the autodialer, which allegedly enabled Defendant to send massive amounts of text messages at low cost and in a short period of time, amplifies the severity of this injury.

8. These allegations are particular to the plaintiff and should vest this court jurisdiction, as these allegations should also satisfy the *"concrete injury"* Spokeo Article III requirement.

9. Spokeo did not reexamine any other elements of standing.

## FACTUAL ALLEGATIONS

10. On or about September 2015, Ricky Ramos' cellular phone number was reassigned to (352-777-0855) by T-Mobile.

11. RAMOS was and still is the authorized and customary user of the wireless number (352-777-0855) where all the unlawful test messages were received.

12. The then and current subscriber of the wireless family plan, which the plaintiff was and is a participant of, is the plaintiff's mother Brunilda Galicia.

13. From September 2015 until May 2016, the plaintiff received unsolicited marketing text messages from the defendant (an average of one text message per week).

14. These unlawful marketing text messages were being sent by the defendant, without RAMOS' prior express *written* consent.

15. The *en masse,* generic marketing text messages were sent by using an ATDS with a short code (78953). Each marketing text message was

sent to RAMOS' cell number (a male individual) from CRI (who sales



woman clothes).

16. As seen above, the marketing text messages did not include the *"clear and conspicuous"* FCC and TCPA disclosures, *e.g.* *"I consent to receive text messages via automated technology from (COMPANY) to my phone number that I have provided. I understand that my consent is not a condition of any purchase"*.

17. As alleged before, RAMOS lost concentration and unrecoverable study time because of the frequent and numerous interruptions due to CRI text marketing campaign. In most, if not in all the occasions, the plaintiff had to start the study material from the very beginning; therefore, losing *valuable and unrecoverable* study time.

Page 6 of 9

18. Plaintiff was distracted on numerous occasions, while driving, due to the unsolicited and unlawful text messages being sent by CRI exposing himself and others to an accident.

19. Plaintiff's cell phone lost significant storage capacity and battery life due to receiving these numerous and unlawful marketing tests messages.

## COUNT ONE

20. PLAINTIFF incorporates, as if fully written herein, all foregoing paragraphs.

21. Defendant, CRI, willfully or knowingly violated the TCPA when without RAMOS prior express written consent sent about twenty-eight (28) unlawful marketing text messages to RAMOS cellular number.

22. CRI's *en masse* marketing text messages were generic in nature, sent with a short code, which is used to send numerous text messages via an ATDS.

23. In Breslow v. Wells Fargo Bank, N.A., an opinion issued on June 5, 2014 see: , the Eleventh Circuit joined the Seventh Circuit in ruling that the TCPA is essentially a "strict liability" statute, and that the "called party" "for purposes of § 227(b)(1)(A)(iii) means the subscriber to the

cell phone service or user of the cell phone called." The Seventh Circuit had earlier reached the same conclusion in Soppet v. Enhanced Recovery Company, LLC. *See: 679 F.3d 637 (2012)*

24. Both Breslow and Soppet relied on legislative history, the purpose of the TCPA, and the fact that the statute's provision of treble damages for "willful" violations means that a violation with no knowledge or intention was still actionable.

## RELIEF REQUESTED

25. The TCPA is a strict liability statute; therefore, RAMOS request that this court finds that all the (28) unsolicited marketing text messages were sent willingly or knowingly and as a result to award treble damages for each text sent without RAMOS prior express written consent.

   *A finding that a defendant placed automated calls with the specific intent to reach the dialed number would seem to qualify as at least a "knowing" violation, resulting in nearly every such call triggering treble damages*
   See: Breslow vs Wells Fargo Bank NA 857 F. Supp. 2d at 1322

26. Any other relief this court may award.

Respectfully Submitted,

Ricky Ramos
9267 Gibralter St.
Spring Hill, FL 34608